**LONG YANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–75046.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Charles Christophe, Christophe & Associates, P.C., New York, NY, for Petitioner.

HI–District Counsel, Office of the District Counsel, Department of Homeland Security, Edric Ching, Esq. Fax, USH—Office of the U.S. Attorney Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kristin A. Cabral, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Long Yang, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We

have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we grant in part and deny in part the petition for review.

Yang claims he fears persecution by the Chinese authorities based on his participation in the Falun Gong. Yang credibly testified that the Chinese government went to his house with a warrant on several occasions to arrest him for practicing Falun Gong and threatened his parents with arrest if they did not disclose his location, a threat that sent his parents into hiding. The State Department country report in the record indicated that mere belief in the discipline was sufficient grounds for practitioners to receive punishments ranging from loss of employment to imprisonment and that practitioners who refused to recant their affiliation were subject to harsh treatment in prisons and reeducation camps. *See Zhou v. Gonzales,* 437 F.3d 860, 868 (9th Cir.2006) (concluding that administrative record in that case contained evidence that "ordinary practitioners" of Falun Gong generally escaped reeducation through labor and "harsher sanctions" by "repent[ing] and mend[ing] their ways") (internal quotation marks omitted). Yang also credibly testified that he was a novice at the discipline and that it would be "impossible" for him to recant his participation because he did practice Falun Gong, his name was already on the local registry of Falun Gong donors, and the police had already issued the warrant for his arrest.

 The IJ impermissibly determined that Yang did not show a well-founded fear of future persecution in China because he could avoid harsh treatment

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

by recanting his belief in Falun Gong. *See, e.g., Zhang v. Ashcroft,* 388 F.3d 713, 719 (9th Cir.2004) (observing that requiring Falun Gong practitioner to practice his beliefs in secret is contrary to basic principles of religious freedom and protection of religious refugees). Moreover, record evidence compels us to conclude that the harm Yang reasonably feared if he returned to China rose to the level of persecution. *See Zhou,* 437 F.3d at 867 (analyzing asylum claim by considering (1) whether petitioner has a 'well-founded fear' of adverse treatment by the Chinese government if returned to China; (2) if so, whether that adverse treatment rise[s] to the level of 'persecution'; (3) if it does, whether that persecution would be on account of a protected ground).

Accordingly, we conclude that Yang is statutorily eligible for asylum. We remand this case to the agency for the Attorney General to exercise his discretion under 8 U.S.C. § 1158(b) as to whether to grant asylum. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). In light of our conclusion regarding asylum, we also remand for the agency to consider Yang's withholding of removal claim. *Id.*

Finally, substantial evidence supports the IJ's conclusion that Yang did not establish that he would more likely than not be tortured if returned to China, and we uphold the denial of relief under the CAT. *See Zhang,* 388 F.3d at 721–22.

**PETITION FOR REVIEW GRANTED in part and DENIED in part; REMANDED.**